Gustavo Magaña (SBN 305970)
The Law Office of Gustavo Magaña
4701 Patrick Henry Dr. Bldg 16 Suite 15F
Santa Clara, CA 95054
T: (408) 430-0411
F: (800) 650-9326
E: Gmaganaesq@gmail.com

Attorney for Plaintiff
Jose Sotelo

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

(San Francisco Division)

| | |
|---|---|
| JOSE SOTELO,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF RICHMOND, KAREL MARECEK, in his individual and official capacity, ERIC SMITH JR., in his individual and official capacity, and DOES 1-10, inclusive,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR VIOLATION OF CIVIL RIGHTS<br><br>JURY TRIAL DEMANDED |

## NATURE OF THE ACTION

1. This case arises from the Richmond Police Department's unlawful use of force and seizure of Jose Sotelo. On 12/12/2021, Mr. Sotelo was in a parking lot at 425 24th street in Richmond, CA, when Richmond Officer Eric Smith Jr detained him.

2. Officer Smith demanded that Mr. Sotelo face a vehicle while he forced his arms forced behind his back.

3. Officer Smith's physical manipulation of Mr. Sotelo's fingers caused severe pain, and Mr. Sotelo promptly informed Officer Smith of that pain.

4. Mr. Sotelo feared for his safety due to Officer Smith's use of excessive force.

5. Mr. Sotelo moved his hand to prevent further pain or injury, which severely angered Officer Smith.

6. Soon thereafter, Officer Smith speared Mr. Sotelo and violently proceeded to punch Mr. Sotelo repeatedly.

7. Officer Karel Marecek also assisted Officer Smith in the excessive use of force and punched Mr. Sotelo.

8. Mr. Sotelo was shocked, terrified, and concerned for his safety as he was viciously attacked.

9. Mr. Sotelo cried out in pain, and at no time did Mr. Sotelo strike either officer or attempt to strike either officer.

10. Mr. Sotelo was left bleeding, bruised, and in significant pain due to the assault.

11. Mr. Sotelo was later transported to the hospital for emergency treatment.

12. As a result of the excessive force by Officers Marecek and Smith, Mr. Sotelo suffered severe physical injury, including but not limited to welts/bruising on his face, bleeding, elbow pain, and knee pain. Mr. Sotelo also suffered from emotional distress.

13. Mr. Sotelo now seeks damages for the violations of his rights under the Fourth Amendment to the United States Constitution, the Fourteenth Amendment to the United States Constitution, the California Constitution, and State law.

## JURISDICTION

14. The claims alleged herein arise pursuant to 42 U.S.C. § 1983, the Fourth Amendment, and the Fourteenth Amendment to the United States Constitution.

15. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

16. Venue is proper in the Northern District of California under 28 U.S.C. § 1391(b)(2) because the unlawful acts, practices, and omissions giving rise to Plaintiff's claims occurred in the County of Contra Costa, which is within this judicial district.

17. Mr. Sotelo timely filed an administrative tort claim with the City of Richmond, which was received and acknowledged on 5/5/22. Subsequently, to date, the City of Richmond has failed to deny or accept his claims. Mr. Sotelo has exhausted all available administrative remedies. Cal. Gov't. Code §§ 913, 945.6(a)(1).

## PARTIES

18. Plaintiff, Mr. Sotelo, is a resident of the City of Richmond.

19. Defendant CITY of Richmond (hereinafter "CITY") is a political subdivision organized under the laws of California and a proper defendant in this action as to Mr. Sotelo's claims made pursuant to the California Tort Claims Act, Cal. Gov't Code §§ 810-996. Defendant CITY was at all relevant times the employer of Defendants Eric Smith and Karel Marecek. The Richmond Police Department is a department of the Defendant CITY.

20. At all times mentioned herein, Defendant Eric Smith Jr. (hereinafter "SMITH") was employed as an officer for Defendant CITY. Defendant SMITH is sued individually and as a police officer for Defendant CITY. By engaging in the conduct described below, Defendant SMITH acted under the color of law and in the course and scope of his employment for Defendant CITY. By engaging in the conduct described here, Defendant SMITH exceeded the authority vested in him as an officer under the United States Constitution and as an employee of the CITY.

21. At all times mentioned herein, Defendant Karel Marecek (hereinafter "MARECEK") was employed as an officer for Defendant CITY. Defendant MARECEK is sued individually and as a police officer for Defendant CITY. By engaging in the conduct described below, Defendant MARECEK acted under the color of law and in the course and scope of his employment for Defendant CITY. By engaging in the conduct described here, Defendant MARECEK exceeded the authority vested in him as an officer under the United States Constitution and as an employee of the CITY.

22. Defendant CITY is liable for Plaintiff's injuries under California law and the doctrine of respondeat superior. Liability under California law for public entities and public employees is based upon California Government Code §§815.2, 820, and 820.8.

## STATEMENT OF FACTS

23. On December 12, 2021, Mr. Sotelo was in the parking lot of 425 24th st in Richmond, CA.

24. Mr. Sotelo was waiting in the parking lot while his friend was going to rent a room.

25. Mr. Sotelo was waiting for a friend to rent a room at the motel.

26. Officer SMITH arrived at the scene and promptly verbally and physically detained Mr. Sotelo.

27. Officer SMITH made Mr. Sotelo raise his arms and began to pat-search him while refusing to answer Mr. Sotelo's questions about why he was being detained or pat-searched.

28. Mr. Sotelo was confused and concerned about why he was being interrogated and searched.

29. Further, during the pat-search, Officer SMITH manipulated Mr. Sotelo's hand/fingers, causing him significant pain.

30. Officer MARECEK then approached and began to assist Officer SMITH.

31. Mr. Sotelo then expressed verbal concern about how he was being treated and the amount of force used.

32. Mr. Sotelo slowly moved away from Officer SMITH while continuing to ask why he was being treated in such a manner.

33. Officer MARECEK grabbed and contorted Mr. Sotelo's left arm while Officer SMITH did the same to his right arm.

34. Mr. Sotelo continued to express fear for his safety and asked for an explanation for his treatment.

35. Officer SMITH then threw his arm around Mr. Sotelo's neck and ripped him to the ground, and jumped on Mr. Sotelo's back in a mounted position.

36. Mr. Sotelo's fear of further injury came to fruition when Officer SMITH and Officer MARECEK grabbed different parts of his body, pulling and hurting him.

37. Mr. Sotelo cried in pain and briefly got up before aggressively being thrown back and speared down on the concrete and struck numerous times by both Officers.

38. Soon thereafter, Mr. Sotelo was taken into custody and transported to the emergency room for treatment.

39. Mr. Sotelo's blood was found in small puddles on the concrete.

40. Mr. Sotelo's clothing and face were also glazed with blood from the Officers' strikes and use of force.

41. At no point during the encounter did Mr. Sotelo ever strike or attempt to strike any of the Officers.

42. Further, at no point during the incident did Mr. Sotelo verbally threaten to attack or harm either officer.

43. Mr. Sotelo did not pose a threat to the safety of either officer during the encounter.

## DAMAGES

44. As a proximate result of the Defendants' conduct, Mr. Sotelo suffered pain and physical injuries, including but not limited to multiple contusions/welts to his face and body, a bloody nose, and scrapes around his body.

45. As a further proximate result of Defendants MARECEK and SMITH, Mr. Sotelo suffered emotional distress, humiliation, embarrassment, and loss of his sense of security, dignity, and pride.

46. The conduct of Defendants MARECEK and SMITH was malicious, sadistic, wanton, and oppressive. Therefore, Mr. Sotelo is entitled to an award of punitive damages against Defendants MARECEK, SMITH, and Defendant CITY.

### First Cause of Action

Bane Act (Cal Civ. Code §52.1)

California Tort Claims Act, Cal. Gov't Code §§815.2, 820

Against Defendants MARECEK and SMITH

55. The foregoing allegations are realleged and incorporated herein.

56. Defendant City, through Defendants MARECEK and SMITH, intentionally interfered with Mr. Sotelo's exercise and enjoyment of his civil rights under the United States and California Constitutions.

57. Defendants MARECEK and SMITH intentionally interfered with and showed a reckless disregard for Mr. Sotelo's rights under the Fourth Amendment and Article I, Sections 10 and 13 of the California Constitution to be free from unlawful, unreasonably invasive, or prolonged investigatory detention in the absence of probable cause. Defendants MARECEK and SMITH used intimidation and coercion to prevent and/or attempt to prevent Mr. Sotelo from insisting on his rights. Defendants MARECEK and SMITH used excessive force and continued to unlawfully detain him in retaliation against Mr. Sotelo.

58. Defendants MARECEK and SMITH intentionally interfered with and showed a reckless disregard for Mr. Sotelo's right to be free of unreasonable searches and seizures under the Fourth Amendment. Defendants MARECEK and SMITH used violence and physical force with Mr. Sotelo to prevent him from exercising and enjoying his civil rights. Defendants MARECEK and SMITH subjected him to an unreasonably invasive and prolonged investigatory detention, excessive force, and unlawful detention to retaliate against him for invoking that right.

59. Defendants MARECEK and SMITH intentionally interfered with and showed a reckless disregard for Mr. Sotelo's right under the Fourth Amendment and Article I, Section 13 of the California Constitution, to be free from unlawful detention without probable cause. Defendants used threats and force to effect Mr. Sotelo's unlawful detention. Mr. Sotelo

reasonably believed that Defendants MARECEK and SMITH would commit violence against him if he did not physically submit to the unlawful detention. For example, Defendant SMITH aggressively approached, spoke to, physically detained, and promptly began to pat search Mr. Sotelo without explaining why this was occurring despite repeated requests by Mr. Sotelo. Further, Defendant SMITH caused Mr. Sotelo significant pain when he manipulated his fingers. Defendant SMITH failed to express concern over causing Mr. Sotelo significant pain and continued his aggressive behavior with him. Thereafter, Defendants MARECEK and SMITH jointly grabbed and contorted Mr. Sotelo's arms and violently attacked Mr. Sotelo by grappling him, spearing him to the concrete, and striking him several times each. Even though Mr. Sotelo did not pose a threat to the safety of either officer and never attempted to strike either officer.

60. As a direct and proximate result of Defendant MARECEK and SMITH'S violation of California Civil Code §52.1 and the Plaintiff's rights under the United States Constitution and the laws of the Constitution of the State of California, Plaintiff was harmed. Plaintiff sustained injuries and damages, and Defendant MARECEK and SMITH'S conduct was a substantial factor in causing Plaintiff's harm. Additionally, against Defendants MARECEK and SMITH, the Plaintiff is entitled to relief as set forth above in paragraphs contained herein, including punitive damages against the Defendants in their individual capacity, including all damages and penalties allowed by California Civil Code §§52, 52.1, and California law, including costs, attorneys fees, civil penalties, and punitive damages. Further, Defendant's violations of Plaintiff's rights as guaranteed by the California Civil Code (§52.1) entitled Plaintiff to compensatory and punitive damages, treble damages, as well as attorneys fees, all of which are provided for in the California Civil Code §§52, et seq., and are requested herein.

61. Since the conduct of Defendants MARECEK and SMITH occurred in the course and scope of their employment, Defendant CITY is therefore liable to Plaintiff pursuant to respondeat superior.

## Second Cause of Action

Battery (Cal. Govt. Code §820 and California Common Law)

By Plaintiff against Defendant CITY and Defendants MARECEK and SMITH

62. The foregoing allegations are realleged and incorporated herein.

63. Defendants MARECEK and SMITH, while working as officers for the Richmond Police Department, and acting within the course and scope of their duties, intentionally stopped, detained, and used excessive force on Plaintiff without probable cause. Defendants MARECEK and SMITH grappled with, tackled onto the concrete, and repeatedly punched Mr. Sotelo even though he never posed a threat to either officer's safety and never attempted to strike either officer.

Even after Mr. Sotelo repeatedly expressed concern over his safety, Defendants MARECEK and SMITH continued to use excessive force and caused severe injury and emotional distress. During the attack, Mr. Sotelo was in obvious distress and physical pain, yet Defendants MARECEK and SMITH continued to use excessive and unreasonable force. As a result of the actions of Defendants MARECEK and SMITH, Plaintiff endured severe pain, suffering, and emotional distress. Defendants MARECEK and SMITH had no legal justification for using force against the Plaintiff and said Defendants' use of force while carrying out their duties as Richmond Police Officers was an excessive and unreasonable use of force, particularly

because the Plaintiff was unarmed and did not pose an immediate threat to the life of any individual, including any officer.

64. As a direct and proximate result of the conduct of Defendants MARECEK and SMITH as alleged above, Plaintiff suffered emotional distress and physical pain.

65. Defendant CITY is vicariously liable for the wrongful acts of Defendants MARECEK and SMITH under section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject them to liability.

## Third Cause of Action

Fourth Amendment (42 U.S.C. §1983)

Against Defendants MARECEK and SMITH

66. The foregoing allegations are realleged and incorporated herein.

67. Defendants MARECEK and SMITH caused Plaintiff to be detained as they attempted to arrest Mr. Sotelo in violation of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Mr. Sotelo under the Fourth Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment.

68. As a result of the conduct of Defendants MARECEK and SMITH, they are liable for Plaintiff's injuries because they were integral participants in the violations of Mr. Sotelo's rights.

69. Plaintiff was subjected to a prolonged detention and excessive force without probable cause.

70. The conduct of Defendants MARECEK and SMITH was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and thus warrants the imposition of exemplary and punitive damages as to Defendants MARECEK and SMITH

71. Accordingly, Defendants MARECEK and SMITH are liable to Plaintiff for compensatory and punitive damages under 42 U.S.C. §1983.

72. Plaintiff also seeks attorney fees under this claim.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

1.) Award Plaintiff general, special, and compensatory damages in an amount to be proven at trial.

2.) Award Plaintiff punitive damages against the individually named Defendants for their extreme, outrageous conduct in complete disregard for Plaintiff's rights.

3.) For actual damages, civil penalties, and attorneys fees under CA civil Codes §52, §52.1.

4.) Award Plaintiff statutory damages and/or attorney's fees against all Defendants as allowed by 42. U.S.C. §1988.

5.) All other damages, penalties, costs, interest, and attorneys' fees as allowed by 42. U.S.C. §1983 and §12205, Cal. Code Civ. Proc. §1201.5, and as otherwise may be allowed by California and/or Federal law;

6.) Issue a declaratory judgment that Defendants' conduct as complained herein was a violation of Plaintiff's rights under the United States and California Constitutions and the Laws of the United States and California;

7.) Grant Plaintiff such other and further relief as the Court deems just and proper.

Dated: 10/25/22                                  Law Office of Gustavo Magaña

                                                                                                                        /s/ Gustavo Magaña

                                                                                                                            Attorney for Plaintiff

JURY DEMAND: Plaintiff demands a trial by jury in this matter, pursuant to FRCP 38(a).

                                                                      Law Office of Gustavo Magaña

Dated: 10/25/22                                      /s/ Gustavo Magaña

                                                                                     Attorney for Plaintiff